U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 1 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

JOHN A. DAVIS

versus

LIBBEY GLASS INC.

CIVIL NO. 08-1213
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment, which was converted from a motion to dismiss per court order dated October 14, 2008. The original motion to dismiss was filed by the defendant, Libbey Glass Inc. ("Libbey"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). See Record Document 8. Based on the following, Libbey's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

**A.    Introduction.**

On August 16, 2008, John A. Davis ("Davis") filed a pro se complaint against his employer Libbey, for violations of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"). Libbey filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6), arguing that Davis's attempted service of process on Libbey is insufficient, that this court lacks subject matter jurisdiction over Davis's unfair labor practice claims, and that Davis's complaint fails

1

to state a claim for which relief may be granted. See Record Document 8. Davis filed a memorandum in opposition to Libbey's motion to dismiss, and Libbey filed a reply memorandum. In a minute entry dated October 14, 2008, this court converted Libbey's Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. See Record Document 12. The minute entry directed the parties to submit any additional material pertinent to the motion for summary judgment. See id. Having received supplemental materials from both parties, and reviewed the record in its entirety, the issues are now ripe for resolution.[1]

**B.    Relevant Allegations.**

According to his complaint and attached exhibits, Davis was subjected to harassment by various co-workers and managers. See Record Document 1, Ex. 1 at 2. He was suspended for three days because of "bogus allegations" against him, required to leave training to perform the duties of a co-employee, and called into work on his day off. See id. Davis was subjected to this harassment after he reported an instance of unprofessional conduct of his manager to the corporate office. See

---

[1] Davis's supplemental materials include over 100 pages of unsworn statements. See Record Document 13, Ex. 2. An unsworn affidavit is incompetent to raise a fact issue precluding summary judgment. See DIRECTV, Inc. v. Budden, 420 F.3d 521, 530 (5th Cir. 2005). However, a statutory exception to this rule exists under 28 U.S.C. § 1746, which permits an unsworn declaration to substitute for an affiant's oath if the statement contained therein is made "under the penalty of perjury" and verified as "true and correct." Davis's materials do not qualify as competent summary judgment evidence and are not in substantial conformity with the statutory prerequisites because, as drafted, there is nothing contained within the statement subjecting him to penalties of perjury. See id. at 530-31. Accordingly, Davis's supplemental materials must be disregarded as summary judgment proof. Out of an abundance of caution, the court reviewed the supplemental materials and is confident that their inclusion would not alter the court's decision.

Record Document 1. Davis further alleged that Libbey's managers misused their "powers of authority" to dominate the local union members, thereby inappropriately controlling grievance procedures. See id.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

All facts and inferences are viewed in the light most favorable to the non-moving party, and all reasonable doubts are resolved in that party's favor. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir.

1990). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. See id.

## B. Law And Analysis.

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "In employment discrimination cases, a plaintiff may present his case by direct or circumstantial evidence, or both." Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 896 (5th Cir. 2002). Here, Davis failed to present any direct evidence of discrimination, which the Fifth Circuit has defined as evidence that "if believed, proves the fact without inference or presumption." Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 992 (5th Cir. 2005). Despite the complete lack of competent summary judgment evidence, the court will subject Davis's claims to the familiar burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). See Nasti v. CIBA Specialty Chems. Corp., 492 F.3d 589, 593 (5th Cir. 2007).

Under this framework, Davis bears the initial burden of establishing a prima facie case of discrimination. See Raytheon Co. v. Hernandez, 540 U.S. 44, 49, 125 S. Ct. 513, 517 (2003). If Davis establishes a prima facie case, the burden shifts to Libbey to articulate a legitimate, nondiscriminatory reason for the adverse action. See id. If Libbey meets its burden, the presumption of intentional discrimination

4

disappears and the burden shifts back to Davis to produce evidence that Libbey's articulated reason is merely a pretext for discrimination. See id.

## 1. Race And Gender Discrimination.

Davis first alleges in his Equal Employment Opportunity Commission ("EEOC") charge that he was discriminated against based on his race and gender. See Record Document 1, Ex. 1. To establish a prima facie case of discrimination, Davis must show that he: (1) is a member of a protected class, (2) was qualified for the position held, (3) was subject to an adverse employment action, and (4) was replaced by a person outside the protected class or treated differently from others similarly situated. See DeCorte v. Jordan, 497 F.3d 433, 437 (5th Cir. 2007).

Assuming without deciding that Davis has met the first two elements of a prima facie case, the latter two elements require further analysis. First, Davis alleges that he was harassed when he was "forced to perform job duties of a deco set-up operator, when there were other qualified operators available." Record Document 1, Ex. 1. "Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands." Breaux v. City of Garland, 205 F.3d 150, 157 (5th Cir. 2000). "Transfers can constitute adverse employment actions if they are sufficiently punitive." Id. In refusing to expand what constitutes an adverse employment action, the Fifth Circuit wanted to ensure that federal courts were not enmeshed in "relatively trivial matters." See id. Clearly, a manager's decision to temporarily assign an employee to certain job duties does not subject that employee to an adverse employment action. Even if such action was considered an adverse employment

action, Davis cannot establish the fourth element of a prima facie case. Davis contends that management should have assigned Mr. Robert Oliver ("Mr. Oliver") to the deco set-up operator position. Davis's attempted comparison to Mr. Oliver must fail, as both employees are black, male, and over the age of forty. Certainly the decision to move Davis to a certain position instead of Mr. Oliver was not based on any protected characteristic.

Second, Davis claims that he was harassed when he "was suspended for three days because of bogus allegations against [him]." Record Document 1, Ex. 1. Davis has not provided the court with competent summary judgment evidence to prove that he was actually suspended for three days or that he was treated differently than others similarly situated. From the documents submitted to the court, it seems that Davis was suspended for one day due to sexual harassment complaints filed by two female co-workers. There is no indication that Davis suffered an adverse employment action or was treated differently that others similarly situated.

Third, Davis claims he was "required to leave [his] training to perform the duties of another operator who was suppose [sic] to be away from the job." Id. While such an action could potentially constitute an adverse employment action, see Breaux, 205 F.3d at 157, Davis has failed to establish that he was treated differently than others similarly situated. A review of the record reveals that management determined that Davis was temporarily needed elsewhere in the department due to production demands. Once the need was resolved, Davis resumed and completed his training. In fact, it seems that Libbey provided Davis with additional training time. Based on

this information, and Davis's failure to produce evidence to the contrary, the court finds that Davis was not subject to an adverse employment action or treated differently that others similarly situated.

Fourth, Davis alleges that he was "harassed [by his] co-workers, Mary Tanner, white, female, over 40, and Yvette [(]last name unknown), Black, female, over 40, and [he] reported the harassment to the Foreman, Linda Quinley and no action was taken." Id. Again, Davis has failed to provide any competent summary judgment evidence to support this claim. Nevertheless, Davis's fourth allegation could be interpreted as a "hostile work" environment claim.

To establish a prima facie case under a hostile work environment claim based on a Title VII-protected characteristic, Davis must show that (1) he belongs to a protected class; (2) he was subjected to unwelcome sexual harassment; (3) the harassment was based on the protected characteristic; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action. See Septimus v. Univ. of Houston, 399 F.3d 601, 611 (5th Cir. 2005). The conduct complained of must be so severe or pervasive as to create an environment that a reasonable person would find hostile or abusive. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 752, 118 S. Ct. 2257, 2264 (1998).

Although not supported by competent summary judgment evidence, it seems that the following comments were said by Davis's co-workers: "bring your big pot gut ass on to your shop" and "I am not for your fucking bullshit today." Record

7

Document 14 at 14. These comments, while potentially offensive and profane, are not so severe or pervasive as to create a hostile work environment. Certainly, Davis's work environment was not "so heavily polluted with discrimination as to destroy completely the emotional and psychological stability of minority group workers." Vaughn v. Pool Offshore Co., 683 F.2d 922, 924 (5th Cir. 1982). Thus, Davis has failed to establish a prima facie case of a hostile work environment claim.

## 2. Age Discrimination.

Davis alleges in his EEOC complaint that he was discriminated against based on his age. Under the ADEA, "[i]t shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, Davis must show that: (1) he was discharged or was subject to an adverse employment action; (2) he was qualified for the position at issue; (3) he was within the protected class; and (4) he was replaced by someone outside the protected group. See Berquist v. Washington Mut. Bank, 500 F.3d 344, 349 (5th Cir. 2007).

After a careful review of the voluminous materials submitted by Davis, the court cannot find a scintilla of evidence that supports Davis's age discrimination claim. First, Davis was not subject to an adverse employment action. See Breaux, 205 F.3d at 157. Second, Davis is within the same protected class as his co-employees, managers, and supervisors. See Record Document 14 at 3-4 Finally, Davis has not presented any evidence that even suggests he was replaced by someone

outside the protected class. In fact, every individual mentioned in the materials submitted by Davis is within his age class. Accordingly, Davis has failed to establish a prima facie case of age discrimination under the ADEA.

### 3. Retaliation.

Davis alleges in his EEOC charge that he was discriminated against "in retaliation for reporting [his manager's] unprofessional behavior to the Corporate office." Record Document 1, Ex. 1. To establish a prima facie case of retaliation, Davis must show that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the materially adverse action. See Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 484 (5th Cir. 2008). Regarding the second element, the Supreme Court recently stated that a retaliation claim may rest on an action that "a reasonable employee would have found ... [to be] materially adverse...." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006). Regarding the third element, Davis must present either direct evidence of retaliation or "circumstantial evidence creating a rebuttable presumption of retaliation." Washburn v. Harvey, 504 F.3d 505, 510 (5th Cir. 2007).

Assuming that "reporting Mr. Coppersmith's unprofessional behavior" is protected by Title VII, there is no evidence that Davis suffered an adverse employment action. See Breaux, 205 F.3d at 157. Additionally, Davis has not produced any evidence that proves or even creates a presumption of a connection between reporting his supervisor's behavior and the alleged materially adverse action.

Thus, Davis has failed to establish a prima facie case of retaliation under Title VII.

### 4. Subject Matter Jurisdiction.

In its original motion to dismiss, Libbey argues that this court lacks subject matter jurisdiction over Davis's "unfair labor practice" claims. See Record Document 8 at 4. Libbey contends that the gravamen of Davis's claim is that Libbey dominated the local union and interfered with union bargaining negotiation. See id.

Under the National Labor Relations Act ("NLRA"), it is an unfair labor practice for an employer to interfere with, restrain, or coerce employees in the exercise of their section 157 rights or to dominate or interfere with the administration of any labor organization. See 29 U.S.C. § 158. Section 157 grants employees the right to self-organize, to form, join, or assist labor organizations, to bargain collectively, and to engage in other concerted activity for the purpose of mutual aid and protection. See 29 U.S.C. § 157.

Under the NLRA, Congress created the National Labor Relations Board ("NLRB") to prevent any person from engaging in any unfair labor practice. See 29 U.S.C. § 153 and § 160. Whenever there is a charge of an unfair labor practice, the NLRB shall have the power to conduct a hearing to determine the merits of the charge. See 29 U.S.C. § 160(c). The NLRB issues findings of facts and an appropriate order to remedy the unfair labor practice. See id. After the remedial order, an aggrieved party may obtain review from the appropriate court of appeal. See 29 U.S.C. § 160(f). Thus, the NLRB has "exclusive jurisdiction to prevent and remedy unfair labor practices by employers and unions." Golden State Transit Corp.

v. City of Los Angeles, 493 U.S. 103, 108, 110 S. Ct. 444, 450 (1989).

Here, Davis alleges that management misused its power to dominate the local union and to interfere with union bargaining negotiations. These claims fall squarely within the exclusive jurisdiction of the NLRB and are not properly before the court.

### 5.    Service Of Process.

In its original motion to dismiss, Libbey argued that Davis's attempted service of process on Libbey was insufficient. See Record Document 8 at 2. The court need not address this argument, as all of Davis's claims have been resolved on the merits.

### III.  CONCLUSION

Based on the foregoing analysis, it is clear that Davis is unable to establish prima facie cases of race, gender, or age discrimination, as well as hostile work environment and retaliation claims. Any claims Davis has against his union are subject to the exclusive jurisdiction of the NLRB. Therefore, Libbey's converted motion for summary judgment under Rule 56 is **GRANTED**, and Davis's complaint is hereby dismissed with prejudice.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this _14th_ day of November, 2008.

JUDGE TOM STAGG

11